Case 13-5402, Terry Clifton v. Wayne Carpenter. Oral argument, 15 minutes per side. Mr. LaPierre for the appellant. May it please the court? Good morning. Tennessee prevented Terry Clifton from filing his state law authorized appeal from parole revocation solely because he was indigent and could not afford to pay outstanding court costs. The law, beginning back in Griffin in 1956, is well established. States cannot condition an appeal by a defendant from a proceeding that results in a loss of liberty on the basis of the defendant's ability to pay. Tennessee, having decided to provide for an appeal from parole revocation, cannot distinguish between rich defendants who can pay court costs and poor defendants who cannot. Was there some recourse that he had other than what he took? Did he ask for a waiver or something like that? I mean, there was something that was circulated recently about a procedure that he could have gone through. Yes, Judge Rogers. There was a 28-J letter submitted a day or two ago. And as I understand the 28-J and the authorities cited therein, Tennessee's position boils down to maybe Mr. Clifton could have done something. And if he had done that thing, then maybe he wouldn't have had outstanding court costs. But those are all maybes, and I can detail the extent of maybes there. The reality is he did have outstanding court costs, and solely on the basis of his inability to pay, he was denied the capacity. He could not file his appeal. Would you like me to detail the other difficulties with the 28-J authority? No, but I'm curious how much this issue was raised below. It was not raised below. And as best as I can see, the authorities cited in the 28-J letter, a state statute and court rules are hardly new. And on top of that, I don't see any direct connection between the 28-J authorities and anything that's presented in the brief. But it all boils down to speculation. Did you raise your argument that you're raising today before the district court? Excuse me? Did you raise the argument that you are raising today before the district court? Mr. Clifton presented the argument he was proceeding pro se. He raised the argument in the federal district court habeas proceedings, both in his petition and then in a motion, which he inartfully called a motion to excuse my failure to exhaust, both filed on October 28, 2011, explaining that he had not been able to exhaust his state procedures because the state had prevented him from filing his state appeal solely on the basis that he was indigent and had outstanding court costs that apparently were somewhere in the neighborhood of about $1,400. When he made those arguments, the other side could have then raised the points that it raises now in its 28-J letter. That's my understanding, Judge Roberts. All right, thank you. So there's a critical distinction in dealing with inmates' lawsuits between inmates who proceed as plaintiffs, so we think of a typical 1983 action, and then on the other hand, inmates like this case who are defendants who are attempting to raise constitutional defenses to state-ordered proceedings that result in a loss of liberty. The state of Tennessee is an outlier with respect to appeals from state-initiated proceedings that result in a loss of liberty. Tennessee is the only state, at least in this circuit, that conditions the appeal on the basis of ability to pay, and one might look at Kentucky, which is just the opposite. Kentucky law expressly provides that a court shall allow a poor person residing in the state to file or defend any action on appeal or appeal therein without payment of cost. Terry Clifton is not trying to initiate a civil proceeding. He's not appealing from an adverse judgment in a civil proceeding. Terry Clifton, like a criminal defendant seeking direct review, or like an inmate attempting to get post-conviction relief, is attempting to raise constitutional defenses against a state-ordered proceeding that resulted in a loss of liberty. The law is clear. It's a loss of a conditioned liberty. Yes, sir. It's a loss of conditional liberty, and I think the best analogy there would be to probation, which is also a conditional liberty. So it's still a state-ordered proceeding with an adverse consequence, and the adverse consequence is the loss of liberty. Is the adverse consequence the product of the statute or a product of the case law? The adverse consequence is that he cannot file his appeal, and that's a function of both the Tennessee Statute 4121.8.112a, which has been relied on by the Davidson County Chancery Court and put into what I'm characterizing as a standing order, which says if you do not have all of your outstanding court costs and fees paid, you may not file any action. And it's may not file any action in the Chancery Court, where Mr. Clifton tried to file, and then may not even seek to get around the denial of the ability to file in the Chancery Court. If they abrogated that standing order, would they then be in violation of the statute to allow someone who had not paid their court costs to go ahead and file? Well, the statute expressly provides that a clerk of a court may not accept for filing another claim by the same inmate until prior costs have been paid. So I assume that a state court clerk who did not abide by the statute would be in violation of the state statute. But that's a matter of state law, what the consequences would be. Mr. Clifton here was denied his ability to file his appeal because there's a state statute that says you have to have your prior costs paid before you can file any other action or appeal. And that state statute was embodied in a standing order issued by the Davidson County Chancery Court. So the unconstitutional provisions here are both the state statute and the Chancery Court order that picks up, embodies, and enforces the state statute. Mr. LaPierre, what specifically is his constitutional challenge to the parole revocation procedure? What specifically, as to the merits, does he want to challenge? Yes, Judge Griffin, his challenge is to the procedure followed by the Tennessee Board of Probation and Parole. And like many inmates, it was long and prolix. But what it boils down to are two critical points. One goes to notice. The charge was that he had engaged in intimidating and threatening behavior in Madison County for a period between March and July. That was all the specificity that was there. No names, no places, no particular times. And then on top of that, the sole basis for the revocation of his parole was an undisclosed confidential informer's testimony. Now, whether these are ultimately meritorious constitutional objections to the procedures followed by the Tennessee Board, that's the matter that he wanted to raise if he had been allowed to file his appeal in the Tennessee Chancery Court. Did not the district court here find that there was no cause and no prejudice? Yes, the district court. And so we have to look somewhat at the merits here to see if it's prejudicial, right? No, Judge Griffin, I think that's wrong. If we look at what I think is this court's very well-established test for procedural default, we've got four components. The first component is, did the petitioner comply or fail to comply with the state procedural rule? The second component is, did the state court enforce the rule? The answer to both of those questions are yes. The third question, and this is the question that the district court somewhat skipped by by saying it was a state law issue. The third question is whether the state procedural rule that the prisoner did not comply with and the state court enforced is an adequate and independent ground for the state court to refuse to entertain the federal constitutional claims and then in turn whether it bars federal habeas corpus. Only if there is a determination that the state procedural ground is both adequate and then independent of the underlying federal constitutional question is there any procedural default to overcome. The state procedural rule is unconstitutional. It's unconstitutional discrimination between rich defendants and poor defendants. There's no procedural default to overcome by showing cause and prejudice. Could I ask that your argument would be the same even if his claim that he wanted to bring to the state court was not a constitutional claim but just whatever claim somebody who had enough money to pay the fee could raise. Is that correct or not? Well, I want to be careful because, of course, federal habeas has limited raising federal constitutional claims, but it seems the underlying violation is the equal protection due process combination of whatever claim he wanted to raise and being denied the ability to raise it. Maybe the flip side of my question is this. Let's say we agree with you that it's unconstitutional for the state to deny this state court proceeding based on its inability to pay. What would we, the Court of Appeals, therefore rule? Well, I think what you should do is reverse the district court's judgment, dismissing the petition. And? And then I can think of several possibilities. Well, what's the one you're asserting? Well, the one that I most prefer, and I think that's the smartest course of action, is simply to remand it for the district court with a direction to hear Terry Clifton's claims on the merits. Those could only be constitutional claims. That's what you're saying. Those could only be constitutional claims because of the federal habeas procedure. That's what he's asking for, is a hearing on his federal constitutional challenge to the parole proceeding. And you're saying because the basis for throwing that out, i.e. procedural default doesn't apply, you should go back and hear the actuals. Yes, Judge Walters. All right. What's our alternative? Well, I can think of two alternatives. And as you suggested, I started with what I most prefer. Another alternative would be for the district court to go ahead and direct the state to release on parole Mr. Clifton unless within a reasonable period of time the state were to provide him with certiorari review. Now, there's a difficulty there because at least as I understand Tennessee law, and I'm sure the state understands Tennessee law far better than I do, I believe that it's Tennessee law that once the 60-day period has expired, that court no longer has jurisdiction. So I'm not sure as a matter of state law whether the state can provide that remedy, which would mean that the state then would simply have to release, not completely, but back on parole. And a third possibility would be that the district court could order the state to release Mr. Clifton back on parole unless the state were to give him a brand-new revocation proceeding based on what happened originally, but with 812 eliminated because it's unconstitutional, and then he could seek review in the Tennessee Chancery Court. My time is up. Thank you. Other questions? No, thank you. Thank you. Thank you. May it please the court. John Bloodsoe on behalf of the respondent. The discrete issue presented for the court's resolution in this bill turns on the adequacy of the state rule that barred the filing of a new action with outstanding fees. And as your Honor referenced, we have provided the supplemental letter, and I wish I had included that in the brief, but I do think it still informs the court's analysis. One point I will point out. My only wish is that you'd presented it to the district court. Well, and your Honor, and I appreciate that as well, the only open question I looked in my briefs and it didn't inform the answer is I don't know the timing because procedurally the state moved to dismiss once the district court entered an order to respond. We moved to dismiss specifically on the failure to the procedural default. And I don't recall the length of time. The judge ruled fairly quickly, I think, but I'm not sure there was enough time between the petitioner's response and the order. And obviously when the order was filed, there wouldn't have been a basis for the state to add that additional response. But, of course, the record will bear that out, and your Honors will see that. So is your argument that at some point there is some procedural opportunity for this individual to have the fees waived? Your Honor, it is purely discretionary under Tennessee state law as to how the presiding judge assesses cost or retaxes cost. Okay, so what if the judge said no? That could be a component of the cause analysis, but that doesn't undermine the adequacy of the rules. Let's say this petitioner did not seek that waiver. And the waiver would not be in this case because as we saw in this case, when something was filed in a new action, the clerk and master returned it. It didn't make it to the court. But the request would go in the prior case. You would go to the court in the prior case and ask for that waiver. That wasn't done here, but let's say that was done. Isn't it too late to attack the costs and fees assessed in the prior criminal case? I mean, that was years ago, right? Well, the request could have been done years ago. Okay, but it's too late now, is it? Actually, I don't believe so because the costs themselves are still owed. Well, isn't there any sort of a limitation? I mean, the prior criminal case has been long ago closed, and I assume Tennessee's got some sort of time frame of post-judgment proceedings have to be wrapped up by a certain date, and years and years later to attack costs seemed to me as rather late. Your Honor, I'm not aware of any rule that would limit. Now, these are costs in civil actions. Sure, so it's not even applicable, right? I mean, I looked at your authorities here and your letter, and I didn't see them to be applicable to this case. Well, they were cost-assessed at the time, and that was raised in an appeal. My purpose of citing to those cases is that in those cases, the costs were assessed against the prevailing party. Just because one loses the action doesn't necessarily mean costs must be assessed against. I mean, I understand Your Honor's question, and I've looked for it. I found no rule or statute or case law that would bar a court. I mean, I know as a practical matter, I see those motions long after all the time, motion to retax cost, that if they're indigent are granted. Those are in civil cases, not criminal cases, not the civil here. I mean, obviously the judgment itself is final, but I'm not aware of any rule that would limit a retaxing or waiving of the cost as they're still owed to that court. They're the cost to the court. Okay, you say that it's a remedy, though, to go into the prior criminal action, which was in the 1980s, wasn't it, or something like that? Well, go to the prior civil actions that resulted in the cost that led to the operation of this rule. I mean, he had a prior revocation appeal. I think there's a reference. There were three actions in Davidson's... three prior actions in Davidson's... $1,400 is a compilation of the costs from all these prior... From three Chancery Court actions. Okay, so we'd have to go into all three of them, too. That's correct. Okay, I mean, do you have any authority that that is a viable remedy? You said there's no authority that you can't do it. Do you have any authority that you can do it? I have found... No. I mean, I found no authority one way or the other. But... Well, how can we say that he failed to exhaust his regular and standard state remedies when we're not even sure there is such a remedy? Well, I think that you... When there's no positive authority saying you cannot do it... No, but if... Doesn't the state have to... It's your burden to establish that these are usual, customary, regular remedies that are usually enforced by the state. I mean, we have a whole standard of that stuff. And it doesn't seem like you've sustained your burden on that. Well, and, Your Honor, the problem from our end is until that's actually attempted by a petitioner, we don't know that it can. I mean, the rules are in place as to the assessment of costs. Costs are still owed. He wasn't given any notice that this is what his route... Instead, he says I... He challenged the denial of his petition for certiorari in the state court, right? He did. On the grounds he couldn't pay it, and they wouldn't file out. That's correct. They didn't send him a letter saying, if you want to file, go here and do this. The letter did not say that. I think we understand your position. Go ahead. Well, let me... Yes, Your Honor. I'm still wrestling a little bit with the position, which is I think what you're saying is that had he gone through this process in the civil cases and the judge had said, no, I'm not going to waive those fees, that somehow that cures the problem we're looking at here. That would... Because he still would have had the fees, right? And the result would have still been, no, you can't file because you still owe the money. You tried to get it waived, but you were unsuccessful. That would be his argument for cause to excuse the default. That, yes, I defaulted because I didn't file the appeal in Chancery Court, but I should be excused from that because I tried this discretionary option that is available to me under state law to get me into court, and they turned me down. Is that a discretionary decision then? As far as the assessment of cost in the prior case, it's not discretionary. The clerk had no option but to not accept it. I mean the clerk was following the order, but the order followed the state law. Had he sought the waiver, the clerk would have had no option other than to accept it. Had he sought the waiver and the waiver was granted, then there would have been no cost that would have... No, it's the opposite that I'm worried about. Oh, OK. Fixed the waiver, not granted for whatever reason. The clerk then must accept it, even though there are costs pending. No, the clerk cannot accept it. The clerk cannot accept it. Isn't he going to the wrong court, though? If you seek a waiver of costs, it seems like you go to the judge who you want to file the new action in front of and say, Judge, I have potentially meritorious claims, but I can't afford to pay the filing fees, therefore you need to waive my filing fees. To go back to a prior judge in a prior case, which was found to be frivolous, say, Judge, you need to waive my costs for filing this frivolous case because I want to file a new case that you don't know anything about, but it might be meritorious and therefore waive the costs that were actually properly assessed in that case because I can file a new case, it seems like you're in the wrong forum. Well, you're in the same court because these are the costs owed to the same court. It might be the same judge. It might be different. They're different proceedings. They are. It seems like there's different considerations of whether costs were properly assessed in filing the prior frivolous case or whether in a new case you've got an indigent person and the normal fee should be waived. You've got different judges. You likely have different judges. Well, you may or may not. I think the context – it's important to look at the context specifically of the jurisdiction of the Davidson Chancery Court. Parole issues, administrative appeals of parole is really the only thing they handle that in some way involves a liberty interest like we have here, a revocation of parole. They're dealing with civil cases. They're dealing with prisoner litigation but not as to liberty interest in this regard. So you go to that judge and say, Your Honor, I've had my parole revoked. I have been taken back into state custody and I want to challenge that because I think it was done improperly but I need you to waive these fees. I think that's an argument that a judge would listen to even though the prior case was frivolous and even without that judge knowing the merits of the proof to present it. My point for adequacy is you've got to at least try. The fact that it's discretionary doesn't undermine the adequacy of the rule. I have two questions, Mr. Bush. One is, we just received this argument for the first time within a few days ago which we can deal with that factor. Assume that you don't have that argument. Do you have another argument? I'm not backing away from my argument in the brief that this was a reasonable and legitimate limitation on litigation. Which is that you just can't appeal if you owe money to the state as a constitutional matter. If you owe money to the state, the state can therefore deny you an appeal that they don't have to give but that they do give to people who can pay for it. Do you have any support for that? That is your backup position. That's your main position. That is our main position. Do you have any support for that? Yes, Your Honor. We cited to the statute in Louisiana which we believe is comparable. In that case, if you file a civil action or if you file a civil action Was it district court in Louisiana? These were either court of appeals or Supreme Court, state court decisions. State courts have upheld this in Louisiana. Yes. And the rule there is if you file an action and you still owe fees, that action is held in abeyance. And if you haven't paid those fees in three years, that action is dismissed. And I think this is the same situation. Was the Griffin argument argued to those in those? I'm sorry? Was the argument that you're making made in those state court proceedings? They say here's why Griffin doesn't apply? No, Your Honor. So we've got state court decisions that have applied it but not necessarily over the objections that are being made here. I think that's right. What is the argument that Griffin versus Illinois and the subsequent Supreme Court cases don't apply to this? You say that Louisiana ruled in your favor, but what is even the argument that they would not apply? The argument… Well, we're speaking about parole. We're not speaking about an actual criminal conviction itself. So there's not a liberty interest? Is that the argument? It's not the same liberty interest. It's a lesser liberty interest. But again, I don't believe we have to get there. That's the only argument you have, though, really. Yes, Your Honor. It's more like a civil case and less like an original conviction where you're taken from total freedom. It is. There are distinctions in parole revocation proceedings and criminal trials. I mean, the rules of evidence don't apply and there's a lot of distinctions. Yes, and that goes to the merits of the claims that are raised here. My second question is this. Let's assume, and we're not deciding this right now, we're going to take your arguments into account, but if you assume for the sake of argument that we disagree with you and find that this violates the general principle of Griffin v. Illinois, then what would be the proper relief that we would enter? If the court finds that it's not an adequate rule, that the procedural default does not apply, then procedurally in this appeal is the judgment is dismissed and it goes back for further proceedings because this was dismissed on that basis initially. No answer was filed. I'm sorry? What would we tell the district court? The remedy? I think the long-term ultimate remedy? The last sentence of our opinion would say what to the district court? It would... It would reverse. It would reverse, but I don't think it would be anything more than to direct an answer by the state and then the court would look... To the constitutional claim. I'm sorry? To the constitutional claim. To the underlying constitutional claim. So what we would do is say because there's no procedural default for these reasons that you disagree with, that the district court would then address the constitutional claim that he raised in his... Yes, Your Honor. The only caveat... You're agreeing. You're disagreeing with the premise, but you're agreeing that if we also disagree, if we agree with the premise, then the number one articulation by your opposing counsel of how to handle it is the one that's appropriate. The number one... Well, let me add one qualifier. I don't know of any, just from my review of the record, but there may be some other procedural objection that would apply, but I'm not saying there is one. But then it moves forward. It appears that that's the... It appears... I will say one thing... I'm not trying to get you to waive anything. I understand, Your Honor. I would hate to be in a situation to direct them to hold an evidentiary hearing and review it, and then we later find there's some other... Right, right, I understand. But I'm not saying there is, and I don't think there is. But the other thing, too, is we're looking... You would be against, for instance, some sort of conditional writ that lets the state do something. That's not what you're arguing. No, Your Honor, and we haven't gotten that far. This was an initial motion by the state to dismiss on this basis that was granted, so we didn't get the full record of the proceedings or any of that before the court. That's helpful. Thank you. The other point I would get to is if we get down that road, and if that's... Even if the judge were to find constitutional violations in the process, I think the ultimate remedy here is a new hearing before the parole board. Well, you can argue that. Or whether there was a violation. I'm not trying to get you to waive one way or the other on that. No, I just... One of the alternatives offered was that the district court could order release or order parole, and I strongly disagree with that. The nature of his claim is that there was a due process violation in the process denying or granting his revocation. Other questions? No, thank you, counsel. Thank you, Your Honor. If the court has no questions, I'll waive the remainder of my vote. That's fine, counsel. Thank you. And I know you were appointed under the Criminal Justice Act. You were going to bring a bunch of... Were you the one who was going to bring a whole bunch of students? Judge Rogers, we would like to have had our student argue the case, but the bar examination is held at the end of July, and he is in a wedding on this Saturday, so I had to... You're the eternal backup. I think so. Please tell him that he did a commendable job on the brief. Thank you, Judge Griffin. Thank you. The case will be submitted. Please call the next case.